# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY ADNEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:19-cv-00191-NONE-SAB<br><br>ORDER DEEMING PLAINTIFF'S OPENING BRIEF UNOPPOSED AND REQUIRING ORDER TO BE SERVED ON REGIONAL CHIEF COUNSEL<br><br>(ECF No. 29) |

Pursuant to a stipulated extension for Plaintiff to file an opening brief, Defendant's responsive brief was to be filed on November 27, 2019. (ECF No. 14.) On November 27, 2019, pursuant to a stipulated request, the Court granted an extension for Defendant to file the responsive brief until January 20, 2020. (ECF Nos. 19, 20.) On January 17, 2020, the parties filed another stipulation for an extension for Defendant to file the responsive brief, and on January 21, 2020, the Court granted the extension and ordered Defendant's responsive brief to be filed on February 21, 2020. (ECF Nos. 21, 22.)

On the day of the deadline, February 21, 2020, the parties filed a stipulation extending the deadline by only three days, until February 24, 2020. (ECF No. 24.) On February 24, 2020, pursuant to the stipulation, the Court granted the request and extended the deadline. (ECF No. 26.) The same day, February 24, 2020, after the undersigned signed the order granting the extension, but prior to the order being entered on the docket, the parties filed another stipulation

1

requesting a further extension of the deadline for another three days only, until February 27, 2020. (ECF No. 25.) Counsel stated good cause existed because a wrist injury has continually caused significant pain, and due to the injury, unanticipated leave, a heavy caseload, and shortened staff, counsel requested the additional time and apologized for the belated request. On February 25, 2020, the Court granted the request, and stated that while the Court appreciated the effort to request the shortest extension possible, the repeated requests within a short amount of time cause unnecessary work for the Court and recommended in the future that counsel request a somewhat more reasonable extension given the foreseeable need for a further extension. (ECF No. 27.)

On February 27, 2020, the parties filed another stipulation to extend the deadline for Defendant to file the brief, again by only three days, until March 3, 2020. (ECF No. 28.) Counsel proffered that good cause existed because counsel was out of the office due to ongoing health issues and had a dental emergency that she suffered on February 25, 2020, and was expected to be on leave the remainder of the week. (Id.) On February 28, 2020, the Court granted the request to extend the deadline, and additionally provided "Defendant a longer extension than requested with the hope that no other extension sh[ould] prove necessary." (ECF No. 29 at 2.) The Court further stated that it would be "disinclined to entertain any further request absent a clear showing of good cause." (Id.) The Court also reminded the parties that due to the impact of social security cases on the Court's docket and the Court's desire to have cases decided in an expedient manner, requests for modification of the briefing scheduling will not routinely be granted and will only be granted upon a showing of good cause. The order further stated that requests to modify the briefing schedule that are made on the eve of a deadline or after will be looked upon with disfavor and may be denied absent good cause for the delay in seeking an extension, and where a request is presented after a deadline, the party seeking an extension must show additional good cause why the matter was filed late with the request for nunc pro tunc.

As explained in the Court's scheduling order issued on February 12, 2019, violations of the scheduling order may result in sanctions pursuant to Local Rule 110. (ECF No. 5-1 at 4.)

Local Rule 110 provides that: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court. L.R. 110. Further, the Local Rule provides that a party who fails to file a timely opposition is not entitled to be heard in opposition to the motion at oral argument. L.R. 230(c). Due to the failure of Defendant to file any responsive brief despite multiple extensions and the deadline now having expired, the Court shall deem Plaintiff's opening brief unopposed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's opening brief is DEEMED UNOPPOSED;
2. The matter is taken under submission; and
3. Defense counsel shall serve a copy of this order on Regional Chief Counsel for the Social Security Administration, Deborah Lee Stachel.

IT IS SO ORDERED.

Dated: __**March 9, 2020**__

UNITED STATES MAGISTRATE JUDGE